Leonard M. Shulman – Bar No. 126349
Lynda T. Bui – Bar No. 201002
Brandon J. Iskander – Bar No. 300916
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    lshulman@shbllp.com; lbui@shbllp.com;
            biskander@shbllp.com

Attorneys for Karl T. Anderson,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.  6:16-bk-18347-MW |
| **ANTHONY LORENZO MARCELO,** | Chapter  7 |
| Debtor. | Adv. Case No. |
| **KARL T. ANDERSON, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of ANTHONY LORENZO MARCELO,** | **COMPLAINT FOR:** |
| Plaintiff, | 1.  **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08];** |
| v. | |
| **RELITO C. MARCELO, an individual,** | 2.  **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551;  CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09];** |
| Defendant. | |
| | 3.  **DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)];** |
| | 4.  **UNJUST ENRICHMENT [11 U.S.C. § 105];** |
| | 5.  **DECLARATORY RELIEF [11 U.S.C. §§ 541, 544, 548; FRBP 7001(9)]; AND** |
| | 6.  **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

Karl T. Anderson, solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Anthony Lorenzo Marcelo ("Debtor"), hereby brings this Complaint against Relito C. Marcelo ("Defendant") and respectfully complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure, Rules 7001(1) (a proceeding to recover money or property) and (9) (a proceeding to obtain a declaratory judgment relating to any of the foregoing).

2.      Plaintiff, as Trustee for the Debtors' Estate has standing to bring this action under 11 U.S.C. §§ 323, 541, 544, 548 and 550.

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re Anthony Lorenzo Marcelo*, Case No. 6:16-bk-18347-MW on the Court's docket.

4.      This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the Estate), (b)(2)(E) (orders to turn over property of the estate), and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances).  To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5.      Venue is proper in this District pursuant to, as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $19,250.00.

6.      To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

## PARTIES

7.     Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate, and brings the claims asserted herein in that capacity.

8.     Plaintiff is informed and believes and thereon alleges that the Defendant is an individual residing in the County of San Bernardino, State of California.

9.     Defendant is an insider because he is related to Debtor, and is his father.

## GENERAL ALLEGATIONS

10.     The Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on September 16, 2016 ("Petition Date").

11.     The Plaintiff is informed and believes that as of September 4, 2013, Debtor owned the real property at 7399 Century Avenue, Hesperia, California 92345 ("Property"). Title in the Property was vested in Debtor "a married man as his sole and separate property," Document Number 2013-0387498 ("September 2013 Grant Deed"). A true and correct copy of the September 2013 Grant Deed is attached hereto as **Exhibit "1."**

12.     On his Bankruptcy Schedule A/B, the Debtor lists the Property as his own, but with the explanation that he was "taken off title on 1/5/2015." A true and correct copy of the Debtor's Bankruptcy Schedule A/B is attached hereto as **Exhibit "2."**

13.     Pursuant to a Quitclaim Deed recorded in connection with the Property on January 5, 2015 in the San Bernardino County Recorder's Office as Document Number 2015-0002863 ("January 2015 Quitclaim Deed"), the Trustee is informed and believes that the Defendant acquired and took title to the Property ("Transfer"). A true and correct copy of the January 2015 Quitclaim Deed is attached hereto as **Exhibit "3."**

14.     The Trustee is informed and believes and thereon alleges that no consideration was paid in connection with the Transfer. The January 2015 Quitclaim Deed indicates that the Documentary Transfer Tax was $0.00. *Id.* Plaintiff is further informed and believes and thereon alleges that the Debtor received no value in exchange for the Transfer, and thus, the Transfer depleted the Estate.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

15.    Notwithstanding the Transfer, the Debtor remains in possession of the Property and was, at all relevant times alleged herein, the owner of the Property.

16.    The Plaintiff is informed and believes, and based thereon alleges that notwithstanding the Transfer, the Defendant never took sole possession of the Property and the Debtors continued to control the Property after the Transfer.

17.    The Plaintiff is informed and believes that the Defendant did not pay the Debtor any consideration in exchange for the Property.

18.    The Plaintiff is continuing his investigation to determine whether additional avoidable transfers were made to the Defendant during the four (4) years prior to the Petition Date and reserves the right to amend this Complaint to recover any such additional avoidable transfers.  The Plaintiff is informed and believes, and based thereon alleges, that any funds paid to the Defendant during the four (4) years prior to the Petition Date were preferential and/or fraudulent and are recoverable by Plaintiff under the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

### [Avoidance and Recovery of Intentional Fraudulent Transfer]

### [11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08]

19.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

20.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtor that were listed at the time of the Transfer that still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtor existed following the Transfer who remain unpaid as of the Petition Date.

21.    The Transfer as alleged in Paragraph 13 is of the Debtors' property before bankruptcy and is therefore property of the Estate.

22.    The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

23.    The Transfer was made with the intent to hinder, delay, or defraud the Debtor's creditors.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

24.    The Transfer was for no consideration or for less than reasonably equivalent value.

25.    The Transfer was made at a time when the Debtor was insolvent and/or rendered insolvent by virtue of said Transfer.

26.    The Transfer was to or for the benefit of an insider of the Debtor.

27.    The Debtor retained possession or control of the Property after the Transfer.

28.    Before the Transfer was made, the Debtor had been sued.

29.    The Transfer was of substantially all of the Debtor's assets.

30.    The value of consideration received by the Debtor for the Transfer was not reasonably equivalent to the value of the asset transferred or the amount of debt incurred.

31.    The Transfer occurred shortly before or after a substantial debt was incurred.

32.    Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 550, 548 and 551, and California Civil Code §§ 3439.04, *et seq.*

### SECOND CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Fraudulent Transfer]**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08,**

**3439.09]**

33.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

34.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtor that were listed at the time of the Transfer that still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtors existed following the Transfer who remain unpaid as of the Petition Date.

35.    The Transfer as alleged in Paragraph 13 is of the Debtors' property before bankruptcy and is therefore property of the Estate.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

36.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

37.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made:

(a)    For less than reasonably equivalent value, or any value, and

(b)    At a time when the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer, and/or

(c)    While the Debtor was engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, and/or

(d)    While the Debtor intended to incur, or believed, or reasonably should have believed the Debtor would incur debts beyond the Debtor's ability to pay them as they became due, and/or

(e)    The Debtor made the Transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

38.    Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 550, and 551, and California Civil Code §§ 3439.04, *et seq.*

## THIRD CLAIM FOR RELIEF

### [Disallowance of Claims by Defendant]

### [11 U.S.C. §502(d)]

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

40.    Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 and Defendant received an avoidable transfer under 11 U.S.C. § 544.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

41.     Defendant has not paid the amount or turned over any such Property for which Defendant is liable under 11 U.S.C. § 522(i), 542, 543, 544, 548, 550, and 553 of the Bankruptcy Code.

42.     Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files a claim against the Debtors' Estate, such claim should be disallowed.

**FOURTH CLAIM FOR RELIEF**

**[Unjust Enrichment]**

**[11 U.S.C. § 105]**

43.     Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

44.     The Defendant received a benefit through the Transfer, and Defendant's retention of the Transfer and/or the value of the Transfer, results in unjust retention of said benefit at the Estate's expense.

**FIFTH CLAIM FOR RELIEF**

**[Declaratory Relief]**

**[11 U.S.C. §§ 363, 541, 544, 548; FRBP 7001(9)]**

45.     Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

46.     Plaintiff and Defendant herein have a dispute in which a declaration of their respective rights is necessary.  Plaintiff is further informed and believes, and thereon alleges, that the said dispute is actual and continuing, and concern an assertion by Defendant that he may have an equitable interest in the Property and may assert claims herein, retain the benefits of illegal or wrongful acts of other defendants herein, and/or adopt and ratify the said illegal and wrongful acts, to the damage and prejudice of Plaintiff.

47.     Plaintiff is further informed and believes, and thereon alleges, that the said dispute is actual and continuing, and concerns the continuing assertion by Defendant that he owns the Property as his sole property, to the damage and prejudice of Plaintiff.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

48.    Plaintiff is informed and believes and thereon alleges that prior to the Transfer, title to Property was vested in the Debtor.

49.    Plaintiff is informed and believes that all appreciation in the Property inures to the benefit of the Estate.

50.    Based on all of the above, Plaintiff respectfully requests from this Court a declaration that the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code and that the Property must be turned over to be used and sold by the Trustee pursuant to Section 363 of the Bankruptcy Code.

51.    The Plaintiff is entitled to declaratory relief related to this cause of action for the recovery of money or property, other than a proceeding to compel the Debtor to deliver property to the Trustee, or a proceeding under 11 U.S.C. §§ 554(b), 725, Rule 2017, or Rule 6002.

## SIXTH CLAIM FOR RELIEF

### [Turnover]

### [11 U.S.C. § 542]

52.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

53.    Plaintiff is entitled to use, sell, or lease the Estate's legal and equitable interests in the Property under 11 U.S.C. § 363.

54.    The Transfer as alleged in Paragraph 13 is of the Debtor's property before bankruptcy and is therefore property of the Estate.

55.    Defendant shall deliver to the Plaintiff, and account for, the Property, or the value of the Property, unless the Property is of inconsequential value or benefit to the Estate.

## PRAYER

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1.    For a judgment avoiding the Transfer, and declaring that said Transfer be annulled and rendered void as a fraudulent transfer, and for an order recovering and preserving the Transfer for the benefit of the Estate, or the value of said Transfer for the benefit of the

7

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

Estate, together with interest thereon at the legal rate from the date of the Transfer;

2.    Disallowance of any claims of the Defendant if he fails or refuses to turn over the Property, and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

3.    For a judgment declaring that the Defendant was unjustly enriched by the Transfer, and for an order recovering and preserving the Transfer for the benefit of the Estate, or the value of the Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

4.    Stating a declaration that the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code;

5.    Granting turnover of the legal and equitable interests in the Property, or the value of the Property, from the Defendant pursuant to 11 U.S.C. § 542;

6.    Finding that all appreciation in the Property inures to the benefit of the Estate;

7.    Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

8.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

Dated: May 2, 2017        */s/ Brandon J. Iskander*
Leonard M. Shulman
Lynda T. Bui
Brandon J. Iskander
Attorneys for Karl T. Anderson, Chapter 7 Trustee
for the bankruptcy estate of Anthony Lorenzo Marcelo

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\M-N\Marcelo, Anthony\Adv\Pld\Complaint.docx
5250-000/81

# EXHIBIT 1

RECORDED AT THE REQUEST OF
CHICAGO TITLE - INLAND EMPIRE

**RECORDING REQUESTED BY:**
Chicago Title Company
Order No.:    7101310489

*Mail taxes to:*

**When Recorded Mail Document To:**
Anthony L. Marcelo
7399 Century Avenue
Hesperia, CA 92345

Electronically Recorded in Official Records, County of San Bernardino    9/04/2013 02:48 PM FV



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
607   Chicago Title Company

Doc #:  **2013-0387498**



| | | |
|---|---|---|
| Titles: | 1 | Pages:  2 |
| Fees | | 18.00 |
| Taxes | | 165.00 |
| Other | | .00 |
| PAID | | 183.00 |

APN/Parcel ID(s):  0398-044-12

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

**The undersigned grantor(s) declare(s)**

☐  This transfer is exempt from the documentary transfer tax.
☑  **The documentary transfer tax is $165.00** and is computed on:
    ☑  the full value of the interest or property conveyed.
    ☐  the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in ☑ the **City of Hesperia.**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** John S. Zubro and Phyllis A. Zubro, husband and wife as joint tenants,

**hereby GRANT(S) to** Anthony L. Marcelo, a married man as his sole and separate property,

**the following described real property in the** City of Hesperia, County of San Bernardino, State of California:

    **For APN/Parcel ID(s):  0398-044-12**

Lot 33 of Tract 5543, in the City of Hesperia, County of San Bernardino, State of California, as per map recorded in Book 66, Page(s) 13 to 34, Inclusive of Maps, in the Office of the County Recorder of said County.

Excepting therefrom an undivided 1/2 interest in and to all oil, gas and minerals lying and being more than 200 feet below the respective present surface elevations of the above described property, as expected in that Deed recorded June 11, 1954, in Book 3400, Page 409, Official Records.

## MAIL TAX STATEMENTS AS DIRECTED ABOVE

Printed: 08.26.13 @ 03:18PM
CA-CT-FWIN-02180.055761-7101310489

EXHIBIT 1

## GRANT DEED
### (continued)

APN/Parcel ID(s):  0398-044-12


Dated:  July 9, 2013

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

_John S. Zubro_

John S. Zubro

_Phyllis A. Zubro_

Phyllis A. Zubro

State of  _Arkansas_

County of  _Garland_

On _July 16, 2013_ before me, _Tonya Gayle Graham_ a notary public in and for said state, personally appeared _John S. Zubro and Phyllis A. Zubro_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Arkansas_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Tonya Gayle Graham_

Signature

(Seal)

> **TONYA GAYLE GRAHAM**
> **Notary Public - Arkansas**
> **Garland County**
> **My Comm. No.: 12359395**
> **My Comm. Exp.: March 15, 2017**

Grant Deed
SCA0000129.doc / Updated: 10.23.12

Printed: 07.09.13 @ 03:09PM
CA-CT-FWIN-02180.055761-7101310489

EXHIBIT 1

# EXHIBIT 2

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Anthony Lorenzo Marcelo** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                                      12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes.  Where is the property?

1.1

**7399 Century Avenue**
Street address, if available, or other description

**Hesperia        CA      92345-0000**
City              State      ZIP Code

**San Bernardino**
County

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**FMV per Zillow**
**(Debtor acquired the property to help his parents purchase a home, debtor was on title but was taken off title on 1/5/2015. Debtor is on loan only; Debtor paid a total of approximately $5000 towards deposit which as a gift to his parents. His parents have been making all mortgage payments and presently reside in the property.)**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$218,447.00** | **$0.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee Simple**

☐ **Check if this is community property** (see instructions)

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>

**$0.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

EXHIBIT 2

Debtor 1    __Anthony Lorenzo Marcelo_____    Case number *(if known)*_____

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Scion** | Who has an interest in the property? *Check one* | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| | Model: | **XB** | ☐ Debtor 1 only | |
| | Year: | **2004** | ☐ Debtor 2 only | |
| | Approximate mileage: | **150k** | ☐ Debtor 1 and Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Other information: | | ☐ At least one of the debtors and another | |

**Fair Condition**
**Owns free and clear**
**FMV per Debtor**

Current value of the entire property? **$2,000.00**    Current value of the portion you own? **$2,000.00**

☐ Check if this is community property
*(see instructions)*

| 3.2 | Make: | **Honda** | Who has an interest in the property? *Check one* | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| | Model: | **Civic Ex** | ☐ Debtor 1 only | |
| | Year: | **2006** | ☐ Debtor 2 only | |
| | Approximate mileage: | **126k** | ☐ Debtor 1 and Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Other information: | | ☐ At least one of the debtors and another | |

**Salvaga Title - Fair Condition**
**Owns free and clear**
**FMV per Debtor**

Current value of the entire property? **$2,500.00**    Current value of the portion you own? **$2,500.00**

☐ Check if this is community property
*(see instructions)*

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................=>    **$4,500.00**

**Part 3:  Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

   Household goods, furniture and kitchen appliances    **$2,500.00**

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

   Electronics    **$1,800.00**

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

Official Form 106A/B    Schedule A/B: Property    page 2

EXHIBIT 2

Debtor 1   **Anthony Lorenzo Marcelo**                                                    Case number *(if known)*

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes. Describe.....

11. **Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

   | Clothing | $400.00 |
   |---|---|

12. **Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes. Describe.....

   | Wedding Ring | $200.00 |
   |---|---|

13. **Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................ | $4,900.00 |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes.........................................................................................................

17. **Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes........................                              Institution name:

   | 17.1. | **Checking** | **Chase Bank Account #8770** | $300.00 |
   |---|---|---|---|

   | 17.2. | **Checking** | **Wells Fargo Bank Account #5964** | $55.00 |
   |---|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy

EXHIBIT 2

| Debtor 1    **Anthony Lorenzo Marcelo** | Case number *(if known)* |
|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ■ No
   ☐ Yes.  Give specific information about them...................
      Name of entity:    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
      Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
      Type of account:    Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ☐ No
   ■ Yes. ......................    Institution name or individual:

| **Rent** | **Rent Deposit with Landlord** | **$1,700.00** |
|---|---|---|

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

EXHIBIT 2

Debtor 1    **Anthony Lorenzo Marcelo**                                    Case number *(if known)*

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
someone has died.
■ No
☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
■ No
☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
for Part 4. Write that number here**................................................................................................................

**$2,055.00**

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
■ No. Go to Part 6.
☐ Yes.  Go to line 38.

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ No. Go to Part 7.
☐ Yes.  Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest In That You Did Not List Above

Official Form 106A/B                          Schedule A/B: Property                                    page 5

EXHIBIT 2

Debtor 1    **Anthony Lorenzo Marcelo**                                Case number *(if known)*

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
☐ No
■ Yes. Give specific information.........

| | |
|---|---|
| Cellphone | $20.00 |

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................  $20.00

**Part 8:**    List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ................................................................................................................    $0.00
56. **Part 2: Total vehicles, line 5**                                           $4,500.00
57. **Part 3: Total personal and household items, line 15**                       $4,900.00
58. **Part 4: Total financial assets, line 36**                                   $2,055.00
59. **Part 5: Total business-related property, line 45**                             $0.00
60. **Part 6: Total farm- and fishing-related property, line 52**                    $0.00
61. **Part 7: Total other property not listed, line 54**            +                $20.00
62. **Total personal property.** Add lines 56 through 61...            $11,475.00    Copy personal property total    $11,475.00
63. **Total of all property on Schedule A/B.** Add line 55 + line 62                             $11,475.00

EXHIBIT 2

# EXHIBIT 3

Recorded in Official Records, County of San Bernardino

**BOB DUTTON**
ASSESSOR – RECORDER – CLERK

P Counter

1/05/2015
1:51 PM
TP
HES

Doc#: **2015–0002863**

RECORDING REQUESTED BY
**RELITO C. MARCELO**
AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME    ANTHONY L. MARCELO

STREET
ADDRESS    7399 CENTURY AVENUE

CITY, STATE &
ZIP CODE    HESPERIA, CA 92345

| Titles: | 1 | Pages: | 1 |
|---|---|---|---|
| Fees | | | 25.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $25.00 |

TITLE ORDER NO.                    ESCROW NO.                    SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

APN: 0398-044-12

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $ .00
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area    ☑ City of HESPERIA _____

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)
    ANTHONY L. MARCELO
hereby remise, release and quitclaim to
    RELITO C. MARCELO
the following described real property in the City of HESPERIA _____ , County of SAN BERNARDINO _____
State of California, with the following legal description:
Lot 33 of Tract 5543, as per map recorded in Book 66, Page(s) 13 to 34, Inclusive of Maps, in the Office of the County Recorder of said County.

_November 28, 2014_____
Date

_____
Signature of Grantor

**ANTHONY L. MARCELO**
Typed or Printed Name of Grantor

_____
Signature of Grantor

_____
Typed or Printed Name of Grantor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_____

COUNTY OF _San Bernardino_____

On _Decembre 03 2014_____ before me, _Bhavesh R Patel, Notary Public_____.
    (Date)                                (Name and title of the officer)

personally appeared _____ANTHONY L. MARCELO_____ , who proved to me on the basis of
                                (Name of person signing)
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**BHAVESH R. PATEL**
Commission No. 1971679
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires MARCH 30, 2016

_____
Signature of officer                    (Seal)

**MAIL TAX STATEMENT AS DIRECTED ABOVE**

*There are various types of deed forms depending on each person's legal status. Before you use this form you many want to consult an attorney if you have questions concerning which document form is appropriate for your transaction.

EXHIBIT 3

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS KARL T. ANDERSON, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of ANTHONY LORENZO MARCELO, | DEFENDANTS RELITO C. MARCELO, an individual |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Brandon J. Iskander - Bar No. 300916 Shulman Hodges & Bastian LLP 100 Spectrum Center Drive, Suite 600 Irvine, CA 92618  Telephone: (949) 340-3400 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee ☐ Creditor    ☐ Other ☒ Trustee | PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee ☐ Creditor    ☒ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: 1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08]; 2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551;  CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]; 3) DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)]; 4) UNJUST ENRICHMENT [11 U.S.C. § 105]; 5) DECLARATORY RELIEF [11 U.S.C. §§ 541, 544, 548; FRBP 7001(9)]; AND 6) TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 3 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 1 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 2 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ANTHONY LORENZO MARCELO | BANKRUPTCY CASE NO.<br>6:16-bk-18347-MW | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE MARK WALLACE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Brandon J. Iskander* | | |
| DATE<br><br>May 2, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brandon J. Iskander | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.